UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH RICHARD DEVORE | ) | 2:17-CR-00013 |
| | ) | REEVES/CORKER |
| | ) | |
| | ) | |

## ORDER

Defendant has filed a motion to bifurcate his sentencing hearing, scheduled for November 5 [D. 133; *amended* D. 135]. Specifically, Defendant asks the Court to hold a second hearing to gather evidence on the amount of restitution. As basis for this motion, Defendant argues neither the government nor the probation office (through the pre-sentence report) has provided a detailed analysis of the amount of restitution claimed [D. 135, ¶ 3]. The Government opposes Defendant's motion [D. 144].

The Court must order restitution in this case [D. 131, ¶ 122]; 18 U.S.C. § 3663A(c). Because of his conduct, Defendant owes restitution to the U.S. Office of Personnel Management (OPM) and the U.S. Department of Veterans Affairs (VA). Defendant acknowledges the obligation to OPM—reflecting his salary as an employee at the agency—can be easily calculated [D. 135, ¶ 3]. Defendant argues he cannot adequately review the evidence of his obligation to the VA prior to the sentencing hearing [*Id.*].

The VA obligation should reflect benefits received after Defendant's disability compensation level was adjusted from 70% to 100%. Since his conviction, his compensation level has been retroactively reduced to 70%, effective July 9, 2009 [D. 144]. Because of this adjustment, caused by his criminal conduct, he not only received increased cash benefits, but he and his family also

1

became eligible for additional medical insurance [D. 131, ¶ 12]. Thus, restitution to the VA should reflect both the cash benefits and the medical insurance benefits received. On October 15, 2018, he and his attorney received documents concerning the cash benefits obligation, but not the medical insurance obligation [D. 135, ¶ 3].

The Government provided Defendant all necessary documents by October 22 [D. 144]. The Court has viewed the exhibits filed with the Government's response, corroborating the proposed restitution figures [*Id.*]. While the Court sympathizes with anyone deciphering bureaucratic paperwork, it does not find the record uniquely voluminous or difficult to understand. If Defendant raises substantial objections to the calculation of restitution that cannot be decided on November 5, the Court will take those objections under advisement and issue a later written order, or schedule a new hearing. But the Court finds no cause to preemptively bifurcate the hearing.

For these reasons, Defendant's amended motion to bifurcate sentencing [D. 135] is **DENIED**. The original motion to bifurcate sentencing [D. 133] is also **DENIED as moot.**

**IT IS SO ORDERED.**

**UNITED STATES DISTRICT JUDGE**