UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | NO. 2:17-CR-00013 |
| KENNETH RICHARD DEVORE | ) | REEVES/CORKER |
| | ) | |
| | ) | |

## ORDER

A jury convicted Defendant on six counts of wire fraud, two counts of making a false writing, and one count each for theft of public money, mail fraud, conflict of interest for a federal employee, and making a false statement [D. 122]. Prior to sentencing, Defendant raised a general objection to the calculation of restitution included in the presentence report [D. 137, ¶ 1].

At his sentencing hearing, the Court sentenced Defendant to 96 months of imprisonment, followed by 3 years of supervised release [D. 158]. In addition to imprisonment and supervised release, the Government argues that Defendant owes restitution to two parties, the Department of Veterans Affairs (VA), and the U.S. Office of Personnel Management (OPM). Defendant concedes restitution of $167,763.14 to the VA, but disputes any obligation to OPM. Because the matter could not be settled at the sentencing hearing, the Court took the question under advisement, and ordered the parties to file supplemental briefs, which are now before the Court [D. 162; D. 163].

I.   BACKGROUND

In late 2015 and early 2016, Defendant applied for a position as an investigator for the National Background Investigations Bureau, an agency within OPM [D. 131, ¶ 51]. In his application, Defendant lied about his own educational and employment history, intentionally withheld his forced resignation from the VA for misconduct, and falsely claimed he received a college degree. OPM relied on these false statements and hired him, eventually paying $162,334.17 in salary

1

and benefits [*Id.*, ¶¶ 51, 54]. The Government argues Defendant should repay the full amount of salary and benefits back to OPM [D. 162, p. 2].

## II. DISCUSSION

In its brief, the Government says "[r]estitution must be paid to victims who were 'directly *or* proximately harmed as a result of the offense'" [D. 162, p. 2 (citing 18 U.S.C. § 3663A(a)(1)(2)) (emphasis added)]. In fact, a "victim" is a person who is "directly *and* proximately harmed" as a result of the offense. 18 U.S.C. § 3663A(a)(2) (emphasis added). The Court must order the Defendant to make restitution to the victim of the offense, in addition to any other penalty authorized by law. 18 U.S.C. § 3663A(a)(1). The Government carries the burden of proving causation by a preponderance of the evidence. *See U.S. v. Sawyer*, 825 F.3d 287, 294-95 (6th Cir. 2016).

Here, the Government errs in framing the statute: It does not have a choice between proving direct *or* proximate harm. Instead, it must prove that Defendant caused proximate *and* direct harm. Further, one cannot be a "victim" within the meaning of the statute unless the defendant caused that person's harm. Thus, if the Government cannot prove the Defendant caused the (direct and proximate) harm to the party seeking restitution, then that party is not considered a "victim," and cannot recover restitution.

In its supplemental brief, the Government thoroughly describes Defendant's employment history at OPM, which would not have occurred but for Defendant's crime. The timeline clearly establishes that Defendant's fraud was the factual or direct cause of the alleged harm. But proof of factual cause by itself is insufficient to order restitution. The Government must also show that the type of harm suffered by OPM was a reasonably foreseeable consequence of Defendant's criminal behavior. In legal parlance, that Defendant was the *proximate* cause of OPM's harm. *See Paroline v. U.S.*, 572 U.S. 434, 444-45 (2014) ("A requirement of proximate cause thus serves [] to preclude liability in situations where the causal link between conduct and result is so attenuated that the

consequence is more aptly described as mere fortuity.") (citing *Exxon Co., U.S.A. v. Sofec, Inc.* 517 U.S. 830, 838-39 (1996)).

The Government essentially contends that OPM deserves restitution because he was a sub-par employee [*see* D. 162, p. 5 ("[The salary and benefits were] pure loss to OPM, as the defendant performed minimal work as a Background Investigator...and, with regard to the work the defendant *did perform* in August 2017, *that work had to be thoroughly and completely checked by OPM*.") (emphasis in original)]. But the quality of Defendant's work is unrelated to whether he committed the fraud. He could have been a first-rate employee and guilty of a federal crime, or he could have been a terrible employee who committed no crime. In this instance, Defendant obtained his employment by committing a federal crime, and allegedly did not perform his job very well. But the addition of those two facts together will not equal a restitution award without proof that Defendant's allegedly poor job performance was the foreseeable consequence of his criminal conduct.

### III. CONCLUSION

The Government has failed to meet its burden of showing that Defendant's criminal conduct proximately caused the harm to OPM. Accordingly, Defendant's objection to paragraph 54 of the Presentence Investigation Report [D. 137, ¶ 1] is **SUSTAINED**. Defendant's remaining objections to restitution [*Id.*] are **OVERRULED**. Defendant shall pay restitution in the amount of $167,763.14 (comprising $9,491.39 in insurance claims, and $158,271.75 in disability compensation) to the Veteran's Administration [*see* D. 142, p. 2].

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**