# UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:17-CR-13 |
| | ) | REEVES/GUYTON |
| KENNETH RICHARD DEVORE | ) | |

## MEMORANDUM AND ORDER

Before the Court is Kenneth Richard Devore's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). [D. 175]. For the reasons that follow, the motion is denied.

### I.    Background

Following a seven-day jury trial, Mr. Devore was convicted of twelve counts of the Second Superseding Indictment—wire fraud (Counts 1 through 6), theft of public money (Count 7), mail fraud (Count 8), financial conflict of interest as a federal employee in the executive branch (Count 9), and false statements in a governmental matter (Counts 10 through 12). [D. 118, 122]. On November 7, 2018, this Court sentenced Mr. Devore to a 96-month term of imprisonment for counts 1-8 and a 60-month term of imprisonment as to counts 9-12 to be served concurrently, for a total imprisonment term of 96 months. [D. 158]. Mr. Devore's conviction and sentence were affirmed on appeal. [D. 171].

On May 8, 2020, Mr. Devore moved for compassionate release due to the COVID-19 pandemic. Specifically, Mr. Devore argued that compassionate release was warranted due to his medical conditions, the conditions at his prison facility, and the circumstances

surrounding his family.  Mr. Devore asserted that he first made a request for compassionate release to the warden of his facility, as required by 18 U.S.C. § 3582(c)(1)(A), but had not received a response.  Pursuant to Standing Order 19-04, the Federal Defender Services, Inc. notified the Court that it had reviewed Mr. Devore's case and would not be making any filings on his behalf. [D. 177].

The government responded in opposition, arguing that Mr. Devore had not satisfied the statutory exhaustion requirements. [D. 178].  Moreover, the government argued that Mr. Devore's circumstances did not rise to the level of "extraordinary and compelling reasons" that would warrant a reduction in sentence.  Mr. Devore did not timely reply to the government's response, and the motion is now ripe for adjudication.

## II.     Legal Standards

Once a district court has imposed a sentence, the court lacks "the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010).  One such statute is 18 U.S.C § 3582(c)(1)(A).  Under § 3582(c)(1)(A), a court may modify a term of imprisonment where "extraordinary and compelling reasons warrant [modification]."  Originally, this kind of "compassionate release" motion could only be brought by the BOP, and was "intended to be a 'safety valve' to reduce a sentence in the 'unusual case in which the defendant's circumstances are so changed, such as by terminal illness, that it would be inequitable to continue the confinement of the prisoner.'" *United States v. Ebbers*, No. 02-CR-1144, 2020 WL 91399, at *6 (S.D.N.Y. Jan. 8, 2020) (citing S. Rep. 98-225, at 121 (1983)).

2

However, the First Step Act of 2018 amended § 3582(c)(1)(A) to allow *defendants* to file motions for compassionate release. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). The First Step Act modified § 3582(c)(1)(A) with the intent of "increasing the use and transparency of compassionate release." *Id.* (capitalization omitted). As a threshold matter, however, a defendant may only move for compassionate release "*after* the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). This exhaustion requirement is a mandatory claim-processing rule that must be enforced unless the rule is waived or forfeited by the government. *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

If the defendant clears this hurdle, or the exhaustion requirement is waived or forfeited, a court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" and finds that:

> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

### III. Analysis

The Court will first address whether Mr. Devore has satisfied the exhaustion requirements set out in 18 U.S.C. § 3582(c)(1)(A), then turn to the merits of his motion.

#### A. Has Mr. Devore satisfied the statutory exhaustion requirements?

Mr. Devore states that he has satisfied the statutory exhaustion requirements, while the government contends that he has not.

A defendant may move for compassionate release only "*after* the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). The Sixth Circuit has explained that the requirement exists to promote "an orderly system for reviewing compassionate-release applications, not one that incentivizes line jumping." *Alam*, 960 F.3d at 834. It also "ensures that the prison administrators can prioritize the most urgent claims" and "investigate the gravity of the conditions supporting compassionate release and the likelihood that the conditions will persist." *Id.* at 835.

Here, Mr. Devore has not provided evidence of a formal request for compassionate release to the warden of his facility, though he states that he "submitted a request . . . and waited the required 30 days." [D. 175]. In contrast, the government indicates that, according to Bureau of Prisons records, no formal request for compassionate release has been submitted. [D. 178]. As a result, Mr. Devore has failed to meet his "burden to show" that he has exhausted his administrative remedies. *United States v. McDonald*, No. 94-

4

CR-20256-1, 2020 WL 3166741, at *3 (W.D. Tenn. June 8, 2020) (citing *Ebbers*, 2020 WL 91399, at *4; *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992)).

"When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Alam*, 960 F.3d at 834 (6th Cir. 2020) (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). Because the government has properly invoked the statutory exhaustion requirement and Mr. Devore has not met his burden, the Court concludes that the exhaustion requirement has not been satisfied.

### B. Do extraordinary and compelling reasons warrant compassionate release?

Even if Mr. Devore had properly exhausted his compassionate release claim, the motion lacks merit under 18 U.S.C. § 3582(c)(1)(A).

Though Congress never defined what "extraordinary and compelling reasons" would warrant a § 3582(c) reduction, Congress did delegate that task to the U.S. Sentencing Commission. *See* 28 U.S.C. § 994(t) ("The Commission . . . shall describe what should be considered extraordinary and compelling reasons for sentence reduction [under 18 U.S.C. § 3582(c)(1)(A)], including the criteria to be applied and a list of specific examples."). To that end, the Commission issued a policy statement that authorized a reduction in a sentence term upon a court's determination that "extraordinary and compelling reasons warrant the reduction." U.S.S.G. § 1B1.13(1)(A) (2006). Any further clarification was reserved for the Application Notes of § 1B1.13, which stated that "[a] determination made by the Director of the Bureau of Prisons that a particular case warrants a reduction for extraordinary and compelling reasons shall be considered as such for purposes of subdivision (1)(A)." U.S.S.G. § 1B1.13 comment. n.1(A) (2006). The Commission later elaborated, indicating

5

that compassionate release could be granted when: (1) a terminal illness or medical condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," *id.* at cmt. n.1(A); (2) a defendant is at least sixty-five years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least ten years or seventy percent of the term of imprisonment, *id.* at cmt. n.1(B); (3) certain family circumstances have compromised a caregiver's abilities, *id.* at cmt. n.1(C); or (4) "other reasons" warrant compassionate release, "[a]s determined by the Director of the Bureau of Prisons," *id.* at cmt. n.1(D).[1]  Further, compassionate release is warranted only if "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

Here, Mr. Devore first states that he has "allergic rhinitis with recurring bronchitis." This condition is "treated with corticosteroids[,] which are immunosuppressants," and Mr. Devore argues that this increases his risk of complications should he contract the COVID-19 virus. [D. 175].  While the government discounts these risks, the CDC has indicated that an individual "might be at an increased risk for severe illness from COVID-19" if they are in an "[i]mmunocompromised state (weakened immune system) from . . . use of corticosteroids." *See* People Who Are at Higher Risk for Severe Illness, Centers for Disease Control, *available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medicalconditions.html (last visited July 21, 2020).  Even still, all

---

[1] The Court notes that there is some measure of dispute as to whether the apparent discretion granted to the Bureau of Prisons in the Application Note confines a court's analysis. *See United States v. Young*, No. 2:00-CR-00002-1, 2020 WL 1047815, at *6 (M.D. Tenn. Mar. 4, 2020).  The Court need not address this legal issue herein.

that Mr. Devore has established is that he *may* have an immunocompromised state due to his prescribed use of an inhaled corticosteroid that *might* put him at an increased risk for severe illness should he contract the virus.  The underlying condition, allergic rhinitis, has not been identified as a risk factor by the CDC at the time of this writing. *See id.*; *see, e.g.*, *United States v. Mackenzie*, No. CR 13-10149-FDS, 2020 WL 2104786, at *2 (D. Mass. May 1, 2020).  Otherwise, Mr. Devore appears to be a healthy[2] 46-year-old, and a "generalized risk of infection is insufficient." *United States v. Mackenzie*, No. CR 13-10149-FDS, 2020 WL 2104786, at *1 (D. Mass. May 1, 2020).  Mr. Devore's medical circumstances do not provide an extraordinary and compelling reason warranting release.

Second, Mr. Devore criticizes the efforts made at his facility—FCI Butner Medium I—to address the spread of the COVID-19 virus.  While the spread of the COVID-19 virus within prison facilities provides great cause for general concern, records indicate that there are only six *active* cases at FCI Butner Medium I at the time of this writing.  *See* COVID-19 Cases, Federal Bureau of Prisons, *available at* https://www.bop.gov/coronavirus/ (last visited July 21, 2020).  Further, records provided by the government indicate that Mr. Devore has been extensively monitored for the onset of symptoms of the COVID-19 virus.  The circumstances at Mr. Devore's prison facility at this time do not provide an extraordinary and compelling reason warranting release.

Third, Mr. Devore argues that the COVID-19 pandemic has made things exceptionally difficult for his spouse, who is working full-time, caring for their children,

---

[2] Mr. Devore also states that he has a neurological disorder, but this claim is unsupported by any evidence and is absent from the BOP medical records provided by the government.

7

and facing medical issues of her own. While the Court sympathizes with her circumstances, these difficulties are the unfortunate byproduct of Mr. Devore's criminal conduct, made worse by the presence of a global pandemic. Because there is no death or incapacitation of a caregiver, these difficult circumstances do not provide an extraordinary and compelling reason warranting release. *See* U.S.S.G. § 1B1.13 comment. n.1(C)(i)–(ii).

In sum, Mr. Devore has not satisfied the statutory exhaustion requirement the must precede his motion and, even if he had, he has not established extraordinary and compelling reasons that would warrant release or home confinement.

## IV. Conclusion

Because Mr. Devore has neither satisfied the statutory exhaustion requirements nor presented extraordinary and compelling reasons that would warrant release, Mr. Devore's motion for compassionate release [D. 175] is **DENIED.**

**IT IS SO ORDERED.**

PAMELA L. REEVES
CHIEF UNITED STATES DISTRICT JUDGE

8